OPINION
M. SMITH, Circuit Judge:
Plaintiffs-Appellants, certain individuals from China seeking permanent residency in the United States, appeal from the district court’s dismissal of their claims under the Immigration and Nationality Act (INA) against federal Defendants-Appellees.[1] In their complaint, Plaintiffs allege *997 that Defendants misallocated immigrant visas to eligible applicants in the employment-based third preference category (EB-3) during the 2008 and 2009 fiscal years. Plaintiffs request that visa numbers be made available to them and other members of their class so that they can obtain visas or adjustment of status before the end of the fiscal year.
We hold that the district court properly dismissed the complaint because there is no live case or controversy about the establishment of visa cut-off dates, and the allocation of visa numbers, in the 2008 and 2009 fiscal years. We also hold that the district court did not err in dismissing Plaintiffs’ claims for prospective relief because they did not allege that Defendants failed to take discrete actions they were -legally required to take. Accordingly, we affirm the decision of the district court.
FACTUAL AND PROCEDURAL BACKGROUND
This case concerns applications for visas by professionals and skilled workers in the EB-3 category. To become eligible for such visas, an alien’s employer must first file an application for labor certification with the Department of Labor (DOL), requesting certification that there are no qualified workers in the United States available to fill a relevant job opening. See 8 U.S.C. § 1182(a)(5)(A)(i). Once DOL provides such a certification, the employer may file a petition requesting that USCIS approve the alien for á visa in the EB-3 category. See 8 C.F.R. § 204.5(a). The date a request for certification is accepted for processing by DOL is called the “priority date.” See 8 C.F.R. § 204.5(d). Once the alien’s priority date becomes “current,” the alien becomes eligible to be allotted an immigrant visa number, and he or she may file an application for adjustment of status with USCIS, if the alien is then physically located within the United States. See 8 U.S.C. § 1255(a).
USCIS has jurisdiction to adjudicate an application for adjustment of status. See 8 C.F.R. § 245.2(a)(1). Pursuant to 8 C.F.R. § 245.2(a)(5)(h), however, USCIS may not approve an application for adjustment of status until the Department of State (DOS) has allocated an immigrant visa number. See 8 C.F.R. § 245.2(a)(5)(h). In allocating visa numbers, DOS must comply with the worldwide and per-country limits on the number of employment-based preference immigrant visas established by Congress. See 8 U.S.C. §§ 1151(a)(2) (worldwide limit), 1152(a)(2) (per-country limit). To process these congressionally imposed limits in an orderly manner, the Secretary of State is authorized to “make reasonable estimates of the anticipated numbers of visas to be issued during any quarter of any fiscal year ... and to rely upon such estimates in authorizing the issuance of visas.” 8 U.S.C. § 1153(g).
DOS’s Visa Office subdivides the annual number of employment-based visas, taking into consideration per-country limits established by Congress, into monthly allotments. The Visa Office considers several variables in determining how many visa numbers to make available, such as past number use, expected future number use, and estimates of additional USCIS demand. Once the number of available visa numbers has been calculated, DOS allocates numbers to applicants.
The total number of qualified applicants are compared each month with the visa numbers available for the next regular allotment. When the number of qualified applicants in a category exceeds the supply of numbers available for allotment in a particular month, the category is deemed oversubscribed, and DOS creates a visa availability cut-off date for that category. The cut-off date is the priority date of the first qualified alien for whom a visa number was not available. When visas are *998 thus oversubscribed, only persons with a priority date earlier than the cut-off date are entitled to be allotted a visa number.
Plaintiffs brought suit in 2010 on behalf of a class of individuals from China, who are seeking to acquire permanent resident status in the EB-3 visa category. They claim that during the 2008 and 2009 fiscal years, Defendants did not allocate immigrant visas to eligible applicants in the correct order, thereby delaying their applications, and their eligibility for adjustment of status. According to Plaintiffs, DOS’s Visa Office also failed to maintain an adequate registration list or to properly monitor USCIS’s use of immigrant visa numbers, “in part or in whole because the Visa Office does not have accurate information from USCIS concerning the number of applications pending and concerning US-CIS demand for immigrant visa numbers.” As a result, the Visa Office allegedly established cut-off dates that allowed EB-3 visas to be made available to individuals from countries other than China before the class members from China, even though the class members had earlier priority dates, and China’s EB-3 limit had not yet been reached. Accordingly, “the rest of the world was able to use immigrant visas up to its limit in the [EB-3] category, but the China [EB-3] category was not able to use immigrant visas up to its limit even though there was sufficient demand.” Plaintiffs allege that they and their derivative beneficiaries would have been approved for permanent resident status in fiscal year 2008 or fiscal year 2009 but for governmental errors in allocating visa numbers. As a remedy, Plaintiffs seek an order requiring Defendants to make immigrant visa numbers available for class members so they can obtain immigrant visas or have their status adjusted before the end of the current fiscal year. They also sought an injunction requiring that Defendants take steps to improve the visa number allocation system. For example, Plaintiffs asked the district court to order USCIS to provide complete and accurate information to the Visa Office, and to direct DOS to make public all relevant information contained on its waiting lists.
The district court granted Defendants’ motion to dismiss. Because Plaintiffs cited no statutory authority requiring USCIS to participate in the creation of cut-off dates or the maintenance of waiting lists, the district court concluded that Plaintiffs failed to state a claim against USCIS. The district court also found that Plaintiffs’ claims regarding the allocation of visa numbers from prior fiscal years were moot because no authority allows visa numbers from previous years to be recaptured, and allocated during the current year. The district court further found that Plaintiffs’ claims for prospective relief were moot because they conceded that they did not challenge DOS’s process for allocating visa numbers. Plaintiffs timely appealed the district court’s decision.
JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction to review the district court’s order pursuant to 28 U.S.C. § 1291. We review de novo the district court’s dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir.2012) (en banc). We also review de novo the district court’s dismissal for mootness and for lack of subject matter jurisdiction. Get Outdoors II, LLC v. City of San Diego, 506 F.3d 886, 890 (9th Cir.2007); Leeson v. Trans-america Disability Income Plan, 671 F.3d 969, 974 (9th Cir.2012).
Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only “fair notice of the nature of the claim, but also grounds on which the claim rests.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n. *999 8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation and quotes omitted). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). A claim is facially plausible “when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id. at 678, 129 S.Ct. 1937. The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. Id. at 678-79, 129 S.Ct. 1937; see also Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (“Factual allegations must be enough to raise a right to relief above the speculative level....”). “Where a complaint pleads facts that are merely consistent with a defendant’s liability, it stops short of the line between possibility and plausibility of entitlement to relief.” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citation and quotes omitted); accord Lacey, 693 F.3d at 911. Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008).
Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995), “[djismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment,” Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir.2008). A district court’s decision to dismiss with prejudice is reviewed for abuse of discretion. Okwu v. McKim, 682 F.3d 841, 844 (9th Cir.2012). “We may affirm on any basis supported by the record, whether or not relied upon by the district court.” Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 (9th Cir.2007).
DISCUSSION
Plaintiffs argue that the district court erred in three ways: (1) by dismissing their claims against USCIS; (2) by holding that it lacked jurisdiction to recapture visa numbers from past years; and (3) by dismissing their claims for prospective relief.
I. Claims Against USCIS
In their complaint, Plaintiffs alleged a number of causes of action against USCIS. We agree with the district court that Plaintiffs failed to state a plausible claim against USCIS.[2]
In their Second Cause of Action, Plaintiffs allege that USCIS violated INA § 203, 8 U.S.C. § 1153(e),[3] by approving applications for adjustment of status for individuals out of priority date order. Plaintiffs’ opening brief states two different theories under which USCIS is alleged to have violated this provision. Plaintiffs first claim that USCIS violated the first subsection of that provision, INA *1000 § 203(e)(1), 8 U.S.C. § 1153(e)(1), which requires that immigrant visas be made available in priority date order. Plaintiffs cannot prevail under this theory, however, because it is DOS, not USCIS, that issues immigrant visa numbers. See De Avilia v. Civiletti 643 F.2d 471, 475 (7th Cir.1981) (stating that DOS is responsible for administering provisions relating to numerical limits on immigration, such as issuing immigrant visas). This statute is silent about the order in which USCIS must approve applications for adjustment of status after DOS has allocated immigrant visa numbers. Accordingly, Plaintiffs failed to state a plausible claim against USCIS under the first subsection of that statute.
Alternatively, Plaintiffs contend in their opening brief that USCIS violated the third subsection, INA § 203(e)(3), 8 U.S.C. § 1153(e)(3), which requires that adequate waiting lists be maintained. However, this theory appears to have been raised for the first time on appeal. Nowhere in their complaint or in their response to the government’s motion to dismiss do Plaintiffs assert that USCIS had an affirmative duty to participate in the maintenance or creation of waiting lists. Indeed, in their motion for preliminary injunction below, Plaintiffs effectively conceded that their claim under this subsection applies only to DOS. We do not address in the first instance claims not raised below.[4] Accordingly, we hold that the district court did not err in concluding that Plaintiffs failed to state a claim against USCIS under 8 U.S.C. § 1153(e).
Although the district court did not explicitly consider the additional causes of action alleged against USCIS, we affirm the dismissal of these claims as well, based on the insufficiency of Plaintiffs’ allegations in the complaint. See Hall, 476 F.3d at 686; Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998) (“If support exists in the record, [a] dismissal [for failure to state a claim] may be affirmed on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning.”).
In their Third Cause of Action, Plaintiffs contend that USCIS violated 8 U.S.C. § 1255(b) and 8 C.F.R. § 245.2(a)(5)(h) by approving applications for adjustment of status out of priority date order. Under these provisions, USCIS may not approve an application for adjustment of status until DOS allocates an immigrant visa number. See 8 U.S.C. § 1255(b); 8 C.F.R. § 245.2(a)(1), (a)(5)(h). These provisions are silent about the order in which USCIS must approve applications for adjustment of status after DOS has allocated immigrant visa numbers. Accordingly, Plaintiffs failed to state a plausible claim against USCIS for violating 8 U.S.C. § 1255(b) and 8 C.F.R. § 245.2(a)(5)(h).
Lastly, Plaintiffs allege that USCIS violated the law, and acted arbitrarily and capriciously, “[b]y fading to establish a complete and accurate system for monitoring the priority dates of individuals who are applying for immigrant visas” (Fourth Cause of Action), and “[b]y failing to provide and maintain a system adequate to account for the number of immigrant petitions (Form 1-140) and adjustment of status applications (Form 1-485) that are pending” (Fifth Cause of Action). These claims appear to be based on 5 U.S.C. § 706(2)(A), which requires a reviewing *1001 court to “set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.”[5] 5 U.S.C. § 706(2)(A).
Plaintiffs provide no authority, and we can locate none, suggesting that US-CIS has a specific duty to maintain such an elaborate system for monitoring priority dates or the number of pending applications. Instead, USCIS’s responsibilities are carefully circumscribed and tied to the actions of other agencies. See, e.g., 8 C.F.R. § 245.2(a)(1), (a)(5)(h) (giving USCIS jurisdiction to adjudicate applications for adjustment of status, but forbidding USCIS to approve adjustment of status until an immigrant visa number has been allocated by DOS).
Plaintiffs essentially ask us to hold that USCIS could be acting arbitrarily and capriciously by fading to create a system, or complying with vague standards, not required by law. We decline their invitation, and we hold that Plaintiffs failed to state a claim against USCIS.[6] See Cal. Energy Comm’n v. Dep’t of Energy, 585 F.3d 1143, 1150-51 (9th Cir.2009) (discussing when we will overturn an agency’s decision as arbitrary and capricious); Lands Council v. McNair, 537 F.3d 981, 993 (9th Cir.2008) (en bane) (noting that we cannot require an agency to abide by our notions of which procedures are best or most likely to achieve the public good, and that we cannot impose procedural requirements not expressly required by statute).
II. Recapture of Visa Numbers from Past Years
The district court also held that it lacked jurisdiction over Plaintiffs’ claims seeking to recapture visa numbers from previous fiscal years, because these claims were moot. The district court’s decision was correct.
“A claim is moot if it has lost its character as a present, live controversy.” Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir.2009) (citation omitted). “If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.” Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999).[7]
Congress has established annual numerical limits on the number of immigrant visas. See 8 U.S.C. §§ 1151 (setting a worldwide limit), 1152 (setting a per-country limit). There are a very limited num *1002 ber of situations when a visa number is returned to DOS for reallocation, such as when an immigrant is deported, when an immigrant does not apply for admission to the United States before the expiration of the visa, and when an immigrant visa is revoked. See 22 C.F.R. § 42.51(c). However, even in those situations, DOS must reallocate the visa numbers “within the fiscal year in which the visa was issued.” Id. There is no statute or regulation authorizing DOS to take a visa number from one year and allocate it to another year. Just as in the diversity visa lottery program, the employment-based visa numbers available in a particular fiscal year expire at the end of the year, rendering moot any claim for a visa number from a prior year.[8] It does not matter whether administrative delays and errors are to blame for an alien not receiving a visa number on time.[9] Once a visa number is gone, it cannot be recaptured absent an act of Congress.[10] Any other interpretation of the statute would allow statutory limits on levels of immigration in a particular fiscal year to be exceeded as the result of treating all unused visa numbers from the past as cumulatively available to be allocated at any time.
Another problem with Plaintiffs’ alleged causes of action is that some of the visa numbers they seek to recapture have already been allocated to other individuals. Since courts are not time machines, we are unable to order DOS to go back in time and not do something it already did, let alone determine which individuals awarded visa numbers in the past should have their numbers taken away because they should have been awarded to Plaintiffs.
Plaintiffs primarily rely on Silva v. Bell, 605 F.2d 978 (7th Cir.1979) in support of their view that the district court has authority to recapture previously unused visa numbers. Silva presented the issue of how to allocate erroneously charged visa numbers among Western Hemisphere applicants on a waiting list. See Silva, 605 F.2d at 980. The question was not whether recapture was possible. See id.
To the extent the Seventh Circuit assumed, arguendo, in Silva that visa numbers from past years could be reallocated in a current year, notwithstanding statuto *1003 ry limits on immigration, we respectfully disagree. As the Supreme Court stated in a subsequent case:
An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare.
INS v. Pangilinan, 486 U.S. 875, 884, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) (citation omitted). Thus, because employment-based visa numbers expire at the end of a fiscal year, a court cannot order an agency to recapture those numbers contrary to Congress’s clear statutory command. See id. Plaintiffs’ arguments to the contrary are unavailing.
For the foregoing reasons, we hold that the district court correctly concluded that Plaintiffs’ claims seeking to recapture visa numbers from past years were moot, and we affirm the district court’s dismissal of these claims for lack of jurisdiction.
III. Claims for Prospective Relief
The district court concluded that Plaintiffs’ claims for prospective relief were also moot because Plaintiffs conceded that they did not challenge the process by which DOS allocates visa numbers. For a different reason, we agree that the district court properly dismissed Plaintiffs’ claims seeking prospective relief from DOS under section 706(1) of the Administrative Procedure Act (APA), regardless of Plaintiffs’ concession.
“Section 706(1) of the [APA] grants federal courts the power to ‘compel agency action unlawfully withheld or unreasonably delayed.’ ” Hells Canyon, 593 F.3d at 932. “This provision serves important interests, but does not give us license to ‘compel agency action’ whenever the agency is withholding or delaying an action we think it should take.” Id. “Instead, our ability to ‘compel agency action’ is carefully circumscribed to situations where an agency has ignored a specific legislative command.” Id.
We explained in Hells Canyon:
In Norton v. Southern Utah Wilderness Alliance (SUWA), 542 U.S. 55, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004), the Supreme Court explained the two primary constraints on our review under § 706(1). First, the Court held that judicial review of actions alleged to be unlawfully withheld or unreasonably delayed extends only to “discrete” actions, such as rules, orders, licenses, sanctions, and relief. Second, the Court held that the purportedly withheld action must not only be “discrete,” but also “legally required ” — in the sense that the agency’s legal obligation is so clearly set forth that it could traditionally have been enforced through a writ of mandamus. According to the Court, limiting judicial review to actions that are legally required “rules out judicial direction of even discrete agency action that is not demanded by law.” In sum, the Court concluded, “a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.”
Id. (citations omitted).
Here, Plaintiffs seek to compel Defendants to make copies of the waiting lists for visas publicly available, and to waive the fees for Plaintiffs to renew their employment authorizations while waiting for immigrant visa numbers. But Plaintiffs cite no authority suggesting that these are discrete agency actions Defendants are legally required to take. “[T]he only agency action that can be compelled under the APA is action legally required.” SUWA, *1004 542 U.S. at 63, 124 S.Ct. 2373.[11] We have no authority to compel agency action merely because the agency is not doing something we may think it should do. See Hells Canyon, 593 F.3d at 932.[12] Because Plaintiffs provide no authority that the future actions they seek to require Defendants to take are required by law, we hold that Plaintiffs failed to state a claim under section 706(1) of the APA, and affirm the dismissal of these claims.[13]
CONCLUSION
For the foregoing reasons, we affirm the district court.
AFFIRMED.

. Plaintiffs-Appellants are Zixiang Li, Jun Li, Jun Guo, Shibao Zhang, and Ming Chang (collectively, Plaintiffs). Defendants-Appel-lees are John F. Kerry, United States of Amer-ica, Janet A. Napolitano, Alejandro Mayorkas, Department of Homeland Security, and United States Citizenship and Immigration Services (USCIS) (collectively, Defendants).

. We note that we consider the complaint as pled in its initial and only form. Plaintiffs neither offered any amendments to their complaint nor contend on appeal that the district court erred in dismissing the complaint with prejudice.

. The complaint alleges that "USCIS has violated and continues to violate INA § 203(e), 8 U.S.C. § 1153(c).” The reference to § 1153(c) appears to be a scrivener's error. Even if it was not an error, however, Plaintiffs failed to state a plausible claim that USCIS violated § 1153(c), because that subsection relates to the allotment of visas to diversity immigrants, rather than employment-based immigrants. See 8 U.S.C. § 1153(c).

. See Nghiem v. NEC Elec., Inc., 25 F.3d 1437, 1442 (9th Cir.1994) ("An appellate court will dismiss arguments not raised at the district court unless there are exceptional circumstances.”); G & S Holdings LLC v. Cont’l Cos. Co., 697 F.3d 534, 538 (7th Cir.2012) ("[A] party waives an argument by failing to make it before the district court.... That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.”).

. To the extent these causes of action are based on 5 U.S.C. § 706(1), which requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed,” Plaintiffs failed to state a claim because no authority suggests that USCIS failed to perform any discrete actions legally required of it. See Hells Canyon Pres. Council v. U.S. Forest Serv., 593 F.3d 923, 932 (9th Cir.2010).

. Plaintiffs attempt to add a claim in their opening brief, not appearing in their complaint, that USCIS violated 8 C.F.R. § 245.1(g)(1). We decline to review whether Plaintiffs presented a plausible claim that USCIS violated 8 C.F.R. § 245.1(g)(1) because none of the narrow circumstances in which we have considered an issue raised for the first time on appeal applies here. See Cmty. House, Inc. v. City of Boise, 490 F.3d 1041, 1053-54 (9th Cir.2007) (declining to consider Idaho Constitution claim raised for the first time on appeal).

. See also Feldman v. Bomar, 518 F.3d 637, 643 (9th Cir.2008) (dismissing an appeal as moot because the court lacked power to grant any effective relief since it could not resurrect pigs or retroactively remedy any pain that they might have felt from being shot); Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 798 (9th Cir.1999) (en banc) (holding that a student's claims for injunctive and declaratory relief from forced participation in graduation ceremony prayers were moot after the graduation ceremony occurred).

. See, e.g., Mwasaru v. Napolitano, 619 F.3d 545, 551, 553 (6th Cir.2010); Mohamed v. Gonzales, 436 F.3d 79, 80-81 (2d Cir.2006); Nyagav. Ashcroft, 323 F.3d 906, 914-16 (11th Cir.2003); cf. Coraggioso v. Ashcroft, 355 F.3d 730, 734-35 (3d Cir.2004) (denying petition for review although the petitioner would have been entitled to a diversity visa if the INS had performed its statutorily-mandated duty and timely adjudicated his parents’ application); Carrillo-Gonzalez v. INS, 353 F.3d 1077, 1079 (9th Cir.2003) (denying petition for review when an alien was selected for a visa through the diversity immigration visa lottery program, but her eligibility expired before the immigration judge issued a decision on her application for adjustment of status); Iddir, 301 F.3d at 493-94, 500-01 (holding that the INS lacked statutory authority to award a visa through the diversity visa lottery program, even though the appellants promptly filled out the necessary forms and INS failed to adjudicate the applications within a year).

. See, e.g., Mohamed, 436 F.3d at 81 (affirming dismissal of claims as moot even though "[sjome applicants for diversity immigrant visas were denied them, without a meaningful ability to appeal, as the result of sheer bureaucratic ineptitude or intransigence”); Coraggioso, 355 F.3d at 734-35 (denying petition for review although the petitioner "would have been entitled to a diversity visa (and, hence, permanent resident status) if the INS had performed its statutorily mandated duty and timely adjudicated his parents’ DV Program applications”).

. On two occasions, Congress expressly authorized DOS to recapture employment-based visa numbers from prior years. See REAL ID Act of 2005, Pub.L. No. 109-13, Division B, § 502, 119 Stat. 231 (2005); American Competitiveness in the Twenty-First Century Act of 2000, Pub. L. No. 106-313, § 106(d), 114 Stat. 1251 (2000).

. See also Lujan v. Nat’l Wildlife Fed’n, 497 U.S. 871, 891, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("But respondent cannot seek wholesale improvement of [a] program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made. Under the terms of the APA, respondent must direct its attack against some particular 'agency action’ that causes it harm.”); Fanin v. U.S. Dep’t of Veterans Affairs, 572 F.3d 868, 877 (11th Cir.2009) ("Systemic improvement and sweeping actions are for the other branches, not for the courts under the APA.”).

. See also Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 543-44, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) ("Absent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties. Indeed, our cases could hardly be more explicit in this regard.” (citations and quotes omitted)).

.Plaintiffs’ complaint asserted a claim against DOS under INA § 203(e), 8 U.S.C. § 1153(e), alleging that it was issuing visas out of priority date order, and seeking an injunction to prevent violations of that statute. Plaintiffs do not address their entitlement to that relief on appeal, and we do not address that question. We also hold that the claims of Jun Guo, Shibao Zhang, and Ming Chang are moot in any event because they have already obtained adjustment of status.