**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR ESJANI BENITES PARDO, | No. 12-74165 |
| Petitioner, | Agency No. A095-670-276 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[***] Senior District Judge.

Hector Benites Pardo appeals the Board of Immigration Appeals' (BIA)

decision to deny his applications for asylum, withholding of removal, adjustment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

of status, protection under the Convention Against Torture (CAT), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252.

The judicially noticeable documents established that Benites Pardo was convicted under section 11378 of the California Health & Safety Code for possession for sale of methamphetamine. The BIA's reference to section 11379(a), was a scrivener's error and harmless. *Cf. Zixiang Li v. Kerry*, 710 F.3d 995, 999 n.3 (9th Cir. 2013). The BIA was not required to determine whether Benites Pardo's offense involved a "usable amount" of methamphetamine, and the BIA did not otherwise err in determining that Benites Pardo's state conviction was a felony under the Controlled Substances Act. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 3559. Accordingly, the BIA did not err in concluding that Benites Pardo was convicted of an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(B), 18 U.S.C. § 924(c); *see also United States v. Torre-Jimenez*, 771 F.3d 1163, 1165–66 (9th Cir. 2014), and therefore was statutorily ineligible for asylum, adjustment of status, and voluntary departure, *see* 8 U.S.C. §§ 1158(b)(2)(B)(i), 1229c(a)(1), 1255(i)(2)(A).

The BIA did not err in affirming the Immigration Judge's (IJ) denial of Benites Pardo's claim for withholding of removal. The IJ's decision that Benites Pardo was not a member of a particular social group is supported by substantial

evidence.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 251–52 (BIA 2014); *see also Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005).  Construing Benites Pardo's claim as a request for deferral of removal under 8 C.F.R. § 1208.17, there was substantial evidence to support the BIA's conclusion that he was ineligible for relief because Benites Pardo did not meet his burden of proving that any torture would be inflicted with the acquiescence or willful blindness of the government of Mexico.  *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

Benites Pardo presented no evidence to overcome the presumption that the BIA considered the relevant evidence and findings of the IJ, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000), so his argument that the BIA violated his right to due process fails.

**PETITION DENIED.**