**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>               Plaintiff - Appellant,<br><br>v.<br><br>VIACOM INTERNATIONAL, INC., a Delaware corporation and JOHN HORNBY SKEWES & CO. LTD., a United Kingdom corporation,<br><br>               Defendants - Appellees. | No. 13-57050<br><br>D.C. No. 2:12-cv-10870-DDP-AJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Plaintiff Gibson Brands, Inc. (Gibson) appeals the district court's dismissal

of its complaint against John Hornby Skewes & Co., Ltd. (JHS) and Viacom

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

International Inc. (Viacom) (collectively, Defendants). Gibson is the holder of registered trademarks in the Flying V body-shape design, the Flying V peg-head design, and the Flying V word mark. Gibson alleges that Defendants infringed its marks through JHS's production and distribution of a ukelele made with a V-shaped body and bearing Viacom's Spongebob Squarepants and Nickelodeon trademarks. The district court dismissed the action against Viacom due to Gibson's failure to state a claim for secondary infringement. In a subsequent order, the district court dismissed the complaint against JHS for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

**1.** The district court properly granted Viacom's Rule 12(b)(6) motion dismissing Gibson's claims for contributory infringement and for vicarious liability for trademark infringement. We "review de novo a dismissal for failure to state a claim" under Rule 12(b)(6). *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). First, Gibson failed to state a claim for contributory infringement. When a contributory infringement claim concerns the defendant's supply of something other than a product—here, Viacom's supply of a license to use its trademarks —a court will consider the "extent of control exercised by the defendant over the third party's means of infringement." *Lockheed Martin Corp. v. Network Solutions*, 194

2

F.3d 980, 984 (9th Cir. 1999). In this case, Gibson did not allege that Viacom exercised the requisite level of control over JHS's production and sale of the ukelele in order to trigger liability for contributory infringement. Although the appearance of Viacom's trademarks on the ukelele was a prominent feature of the product, those trademarks do not have a sufficient nexus to the allegedly infringing conduct. Viacom could not be said to have exercised "direct control and monitoring" over JHS's means of infringement. *Id*.

Moreover, Gibson failed to advance claims for vicarious liability for trademark infringement. Gibson emphasized the presence of a licensing agreement between JHS and Viacom, but the agreement does not reveal a relationship of "control over the actual infringing activity," which would constitute evidence of vicarious liability. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007). In particular, Viacom does not directly control the body shape or name of the ukelele, and the degree of control necessary for a trademark licensing agreement does not, by itself, provide the degree of control necessary to impose vicarious liability with respect to any aspect of the allegedly infringing product.

2. The district court dismissed the complaint against JHS for lack of subject-matter jurisdiction under Rule 12(b)(1), holding that Gibson had not shown that the ukelele was "use[d] in commerce" within the meaning of 15 U.S.C. §§ 1114(1),

1125(a), and 1127. We review de novo a dismissal for lack of subject-matter jurisdiction. *Alaska v. Babbitt*, 38 F.3d 1068, 1072 (9th Cir. 1994). In this case, the district court considered the Lanham Act's "use in commerce" requirement as a jurisdictional prerequisite. Subsequent to the district court's order, we decided *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014), which held that the Lanham Act's "use in commerce" requirement was properly considered an element of a cause of action, and not a jurisdictional bar, in light of *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). *Id.* at 874. *La Quinta*'s reasoning is controlling in this case. We therefore reverse the district court's order dismissing the complaint under Rule 12(b)(1), and we remand for the district court to determine whether Gibson's complaint has stated a claim against JHS under Rule 12(b)(6).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.