NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR M. SMITH, IV; et al.,<br><br>                    Plaintiffs-Appellants,<br><br>    v.<br><br>UNITED AIRLINES, INC. and INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Local Lodge 1781,<br><br>                    Defendants-Appellees. | No.    14-17569<br><br>D.C. No. 3:14-cv-01763-EDL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Plaintiff-Appellants Arthur M. Smith IV, Richard Tran, and Aaron T.

Moody work for United Airlines as Lead Ramp Servicemen at San Francisco

International Airport (SFO). They assert a "hybrid" claim for breach of contract

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

against Defendant-Appellee United Airlines, Inc. (United) and breach of the duty of fair representation against Defendant-Appellee International Association of Machinists and Aerospace Workers (the Union). The district court dismissed the complaint as time-barred and for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Plaintiffs' "hybrid" claim is subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). "[T]he six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Here, plaintiffs need to show that their claims did not accrue before October 16, 2013, because they filed this action in the Northern District of California on April 16, 2014.

Plaintiffs advance two possible sets of facts: (1) that United and the Union made "conscious decisions" not to respond to the asserted grievance; or (2) "upon information and belief," they "mutually agreed to extend the time limits" governing their response obligations under the collective bargaining agreement (CBA), thereby "holding in abeyance any grievances" until ratification of the new CBA. Under either scenario, plaintiffs' claims are time-barred.

2

1. Plaintiffs filed their grievances with Union representatives in January and February 2013. Smith avers he heard *nothing* from either party after February 2013. Moody and Tran were likewise told in February the Union would not be filing complaints in either of their names. Accordingly, given this period of inaction, plaintiffs either knew or should have known the Union was not fulfilling its obligations around March 2013. Further, as to all three plaintiffs, the August 2013 letter sent by their counsel indicates they knew their grievances were not being pursued because the letter asks the Union to "*commence* a grievance process on the issue of Lead pay."

Tolling does not apply after plaintiffs knew or should have known that their grievances were not being pursued—roughly March 2013—because at that point, they no longer were actively availing themselves of the CBA's mandatory grievance procedures. *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987). Moreover, "once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Leorna v. U.S. Dept. of State*, 105 F.3d 548, 551 (9th Cir. 1997) (internal quotation marks omitted); *see also Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.

1987) (applying this principle to "hybrid" claim under § 301 of the Labor Management Relations Act). Accordingly, any tolling discontinued no later than August 2013 when plaintiffs obtained counsel and sent their letter to the Union.

2. Under the second set of facts, plaintiffs do not allege an adequate basis to infer defendants agreed to extend the time limits. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (describing the plausible pleading standard). As such, the statute of limitations is not tolled, and plaintiffs' claims accrued no later than August 2013.

Plaintiffs do not allege they were aware of the agreement, much less who told them of it or any facts to support its existence, such as whether defendants executed the written document the CBA requires to effect a waiver of the strict time limits in the grievance procedure. Nor do plaintiffs allege, as they argue in their brief, that the Union told them to hold off on filing their grievance because defendants would resolve the Lead pay issue through negotiations for the 2013 CBA. The August 2013 letter also contradicts the existence of the agreement because it indicates plaintiffs were actively questioning the Union's handling of the grievance and demanding the start of a new process—not waiting for a contractual resolution of the Lead pay issue. Given the paucity of factual detail, the

contradicting statements in the Second Amended Complaint, and that plaintiffs' theory rests entirely "upon information and belief," the second scenario involving an "agreement to extend the time limits" does not state a plausible claim for relief. In any event, even if, as plaintiffs urge, the alleged agreement to extend the time limits meant plaintiffs were pursuing their claims through contractually mandated procedures—entitling them to tolling—the defendants' alleged agreement is a rational exercise of judgment necessarily dooming plaintiffs' "hybrid" claim on the merits. *See Burkevich v. Air Line Pilots Ass'n Int'l*, 894 F.2d 346, 349 (9th Cir. 1990) (allegations of arbitrary conduct do not suffice when a Union exercises its judgment).

3. The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

**AFFIRMED.**