NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ANTONIO ESCAMILLA, AKA Jorge Escamilla,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-71524<br><br>Agency No. A070-077-003<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020**
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Jorge Escamilla, a citizen of El Salvador, seeks review of a Board of

Immigration Appeals ("BIA") decision dismissing his appeal of the denial of special

rule cancellation of removal under the Nicaraguan Adjustment and Central

American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997),

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and adjustment of status. We deny the petition in part and dismiss in part.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") "expressly precludes federal courts from reviewing the agency's factual determination that an immigrant is ineligible for . . . special rule cancellation of removal under NACARA § 203." *Ixcot v. Holder*, 646 F.3d 1202, 1213–14 (9th Cir. 2011); *see also Lanuza v. Holder*, 597 F.3d 970, 971 (9th Cir. 2010) (per curiam). The parties agree that Escamilla was only eligible for NACARA relief if he entered the United States prior to September 19, 1990. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1120 (9th Cir. 2010). Escamilla argues that the Immigration Judge ("IJ") and BIA erred in finding he had entered the United States after that date. We lack jurisdiction to review that purely factual issue. *Ixcot*, 646 F.3d at 1213–14.

Regardless, we note that substantial evidence supports the determination that Escamilla entered the United States after September 19, 1990. *Cortez-Pineda*, 610 F.3d at 1120. It was reasonable for the IJ to rely on Escamilla's March 1991 asylum application, which stated he arrived in the United States in December 1990.

2. Escamilla's request for adjustment of status likewise fails. The United States Customs and Immigration Service ("USCIS") has exclusive jurisdiction to consider applications for adjustment of status for arriving aliens placed in removal proceedings. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)(ii). Escamilla argues that he is not an arriving alien, so the IJ and not USCIS should review his request for

2

adjustment of status. Reviewing this legal issue de novo, *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020), we conclude that Escamilla is an "arriving alien."

An "arriving alien" includes "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1001.1(q); *see also id.* § 1.2. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act [8 U.S.C. § 1182(d)], and even after any such parole is terminated or revoked." *Id.* § 1001.1(q).[1] Escamilla was paroled pursuant to this provision. Thus, the regulations treat him as an "arriving alien." *See also Bona v. Gonzales*, 425 F.3d 663, 667 (9th Cir. 2005) (holding that "an alien paroled under 8 U.S.C. § 1182(d) remains an 'arriving alien' regardless of her parole status"). Accordingly, the IJ lacked jurisdiction over Escamilla's request for adjustment of status.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[1] The BIA appears to have referenced 8 C.F.R. § 1245.2(a)(4)(ii)(B) by mistake. Any such error was harmless. *Cf. Zixiang Li v. Kerry*, 710 F.3d 995, 999 n.3 (9th Cir. 2013).