**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., DBA Michael Grecco Photography, Inc., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BDG MEDIA, INC.; DOES, 1 through 10 inclusive, <br><br> Defendants-Appellees. | No. 20-55441 <br><br> D.C. No. 2:19-cv-04716-AB-KS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted January 12, 2021
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Michael Grecco Productions, Inc. (Grecco) appeals from the district court's

judgment dismissing its action for copyright infringement on statute-of-limitations

grounds. We affirm in part and reverse in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The district court erred in holding that Grecco's claim based on the Flashlight Photo was time-barred. Copyright infringement claims must be "commenced within three years after the claim accrued," 17 U.S.C. § 507(b), which occurs "when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020). This discovery rule analysis is a factual one, *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004), and Grecco's allegations suffice to survive a motion to dismiss with respect to the Flashlight Photo. Grecco alleged discovering defendant's infringing uses of the Flashlight Photo in January and February 2019, and it is not apparent from the face of the complaint (or from the judicially noticeable facts) that Grecco should have discovered the alleged infringements before May 2016 (three years before it filed the original complaint). Grecco's amended complaint alleges facts that establish the difficulty of detecting online infringements, even when plaintiffs like Grecco invest in both in-house infringement detection using Google image search as well as third-party reverse image search software. At what time these search processes would or should have captured alleged infringements is a question of fact that cannot be determined on a motion to dismiss.

Grecco's amended complaint added a new claim related to the September 2016 re-upload of the Flashlight Photo. That claim "arises out of the same

conduct, transaction, or occurrence as that set forth in the original complaint." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014). The claim thus relates back to the filing of the original complaint and is timely without regard to the discovery rule. Although the district court also held that Grecco's amended complaint went beyond the scope of the court's order granting leave to amend, we do not read the order as limiting amendment so severely, particularly because we hold that the re-upload claim relates back to the original complaint. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and requests for leave should be granted with extreme liberality." (internal quotation marks omitted)). Consequently, it was an abuse of discretion to exclude this claim as beyond the scope of permissible amendment.

2. The district court correctly dismissed Grecco's claim based on the Hallway Photo, which Grecco first discussed in its amended complaint. That claim does not relate back to the filing of the original complaint because it rests on a separate act of infringement involving a different photograph from the one that formed the basis for the original complaint. *See ASARCO*, 765 F.3d at 1005. Grecco alleges that it had actual knowledge of defendant's infringing use of the Hallway Photo in October 2016, which is more than three years before it filed the

amended complaint in December 2019.  The claim related to the Hallway Photo is therefore time-barred and was properly dismissed with prejudice.

We do not reach Grecco's arguments based on the separate-accrual rule, as those arguments were raised for the first time on appeal.  *See Zixiang Li v. Kerry*, 710 F.3d 995, 1000 & n.4 (9th Cir. 2013).

**AFFIRMED in part; REVERSED and REMANDED in part.**

The parties shall bear their own costs.