NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM L. SABATINI,<br><br>                    Plaintiff-Appellant,<br><br>   v.<br><br>CALIFORNIA BOARD OF REGISTERED NURSING,<br><br>                    Defendant-Appellee. | No.    20-55017<br><br>D.C. No.<br>3:18-cv-02036-AJB-AGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 3, 2021**
Pasadena, California

Before:  KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Plaintiff-Appellant William Sabatini appeals from the district court's order

granting Defendant-Appellee California Board of Registered Nursing's ("Board")

motion to dismiss on discrimination and retaliation claims under the Americans

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with Disabilities Act ("ADA") and the California Unruh Civil Rights Act against the Board and § 1983 claims against Doe Defendants. As the parties are familiar with the facts, we do not recount them here. We review de novo a dismissal on the basis of claim preclusion, *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988), the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020), and for an abuse of discretion whether the district court properly denied leave to amend. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Sabatini's discrimination claim as barred by claim preclusion because Sabatini already litigated whether the terms of the Board's Final Decision were discriminatory in his prior state court action. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Sabatini argues that "it makes no difference whether the Board's actions fell somewhere within the letter of the terms of Mr. Sabatini's probation," because he wanted to litigate enforcement of those terms in this action. Sabatini, however, filed the mandamus action in state court to avoid enforcement of the claimed discriminatory terms of the Board's Final Decision; he asked the state court to set aside the Decision. It refused that request. Claim preclusion bars Sabatini's attempt to relitigate the

2

same primary right. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (Under California's primary rights theory, claim preclusion bars a cause of action if it involves the same primary right.).

**2.** Regarding Sabatini's retaliation claim, Sabatini has not plausibly alleged that his action in filing the state and federal court lawsuits was a but-for cause of the Board's enforcing the terms of its Final Decision and Order. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding that a plaintiff must show but-for causation to succeed on a retaliation claim); *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (applying but-for causation to retaliation claims under Title II of the ADA).

Sabatini concedes that but-for causation is the appropriate standard after the pleading stage but claims that the appropriate standard at the pleading stage is "not completely unrelated." However, he relies on cases that already passed the pleading stage or pre-date *Nassar*. *See Emeldi v. Univ. of Or.*, 698 F.3d 715, 726 (9th Cir. 2012) (applying "not completely unrelated" standard after summary judgment in a Title IX case); *Poland v. Chertoff*, 494 F.3d 1174, 1180 n.2 (9th Cir. 2007) (citing an Eleventh Circuit case for the proposition that the "not completely unrelated" standard applies to establishing a prima facie case in an ADEA case). The district court correctly applied the but-for standard to causation. *See T.B. ex rel. Brenneise*, 806 F.3d at 473.

The mere fact that Sabatini filed his mandamus action in state court seven to eight months prior to the Board enforcing terms of his probation is insufficient evidence of causation in this case. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Sabatini miscalculates the timeline when he claims that the timing between protected activity and adverse action was "just a few weeks" rather than seven to eight months. Issuance of the state court decision is not a protected activity by Sabatini; his filing of the suit is the protected activity that starts the clock. *See Dawson v. Entek Int'l*, 630 F.3d 928, 936–37 (9th Cir. 2011) (timing calculated from plaintiff's action in meeting with HR); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (timing calculated from plaintiff's action in filing administrative complaint). The district court properly dismissed Sabatini's retaliation claim as his other allegations failed to plausibly allege causation.

3. The district court did not abuse its discretion in denying Sabatini leave to amend his discrimination and retaliation claims because amendment would have been futile. *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (stating that dismissal is appropriate when "it is clear that the complaint could not be saved by amendment" (citation omitted)). Sabatini alleged "substantially similar" claims based on the same factual allegations, and his counsel was unable to articulate other plausible factual support for those claims, even when questioned by the

4

district court. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (When the plaintiff previously amended the complaint, "[t]he district court's discretion to deny leave to amend is particularly broad." (citation omitted)); *cf. Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (Courts should grant leave to amend when a plaintiff is not alleging "substantially similar" theories and has a "reasonable chance of successfully stating a claim if given another opportunity.").

4.     The district court properly dismissed the fifty Doe Defendants when counsel conceded he still was unable to identify the names of individuals he wished to sue after three opportunities to amend the complaint. *Cf. Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980).

**AFFIRMED.**