NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANVENDRA SHARMA,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

Defendant - Appellee.

No. 24-7205

D.C. No.
5:24-cv-03402-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted December 10, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Plaintiff Manvendra Sharma appeals the district court's dismissal for lack of

Article III jurisdiction. Among other things, Sharma seeks reversal of the

government's revocation of his exemption from the statutory cap on H-1B visas that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are issued annually.  Sharma only appeals the dismissal of Count 2 of his Complaint. We have jurisdiction under 28 U.S.C. § 1291, and we REVERSE and REMAND.

We review dismissals for lack of jurisdiction de novo.  *See Thomas v. Cnty. of Humboldt*, *Cal.*, 124 F.4th 1179, 1186 (9th Cir. 2024).  Material allegations in the Complaint are accepted as true and construed in favor of the plaintiff.  *Id.*  To evaluate Article III jurisdiction, we assume a plaintiff's merits claims are valid. *Dep't of Educ. v. Brown*, 600 U.S. 551, 564 (2023) (citing *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 298 (2022)).

For federal courts to have jurisdiction over a suit, a plaintiff must have (1) an injury-in-fact that is (2) fairly traceable to the defendant's challenged actions and (3) likely redressable by a favorable judicial decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Sharma alleges (and the government does not contest) that he suffered an injury-in-fact because United States Citizenship and Immigration Services ("USCIS") revoked his immigration-benefit-related "cap number."  The parties only dispute traceability and redressability.  At this stage, Sharma has satisfied both elements.

Sharma's injury is sufficiently traceable to USCIS.  For an injury to be traceable to a defendant's conduct, "there must be a causal connection between the injury and the conduct complained of."  *Id.*  USCIS's revocation of Sharma's cap number satisfies this requirement because Sharma contends that the agency's

misinterpretation of 8 U.S.C. § 1184(g)(3) is the reason it improperly revoked his cap number. The government maintains that USCIS only revoked Sharma's cap number after his former employer asked that its initial H-1B petition be rescinded. This does not defeat traceability. Assuming Sharma's contentions to be true, USCIS was not statutorily required, or authorized, to revoke his cap number. Per Sharma's argument, USCIS acted independently of Sharma's first employer when it revoked the cap number under its allegedly erroneous interpretation of § 1184(g)(3). *See Bennett v. Spear*, 520 U.S. 154, 167 (1997) ("[An] injury must be fairly traceable to the challenged action *of the defendant*, and not the result of the independent action of some third party not before the court" (emphasis added)).

Sharma's alleged injury is also redressable. Sharma seeks the restoration of his cap number. The Administrative Procedure Act, 5 U.S.C. § 706(2)(A), authorizes a reviewing court to set aside unlawful agency action. *See Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) ("If an agency has misinterpreted the law, there is Article III standing 'even though the agency . . . might later, in the exercise of its lawful discretion, reach the same result for a different reason.'") (quoting *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 25 (1998)). In arguing that the agency "cannot reopen and reinstate a[n H-1B] petition that was withdrawn by the petitioning employer," the government does not explain how Sharma's first employer's withdrawal of his H-1B petition prevents USCIS from reinstating

Sharma's cap number or allocating him a different one. The case the government cites, *Zixiang Li v. Kerry*, 710 F.3d 995 (9th Cir. 2013), is distinguishable, as it involved plaintiffs trying to restore unique, alien-specific visa numbers that had already been assigned to other identifiable third parties. *Id.* at 1001–03. Here, the government cites no statutory or regulatory barriers to restoring or re-assigning Sharma's cap number. Finally, the government argues that Sharma's injuries are not redressable because he can go through the lottery process again, without the "unfair advantage" of odds fraudulently boosted by his first employer. But in doing so, the government fails to recognize that requiring Sharma to go through the lottery again is exactly the injury-in-fact at the heart of Sharma's suit.

**REVERSED and REMANDED** as to Count 2.