Parviz LAVI, Plaintiff—Appellant,

v.

PELICAN INVESTMENT CORPORA-TION, a California corporation; Gal Lipkin; Edward Lavi, Defendants—Appellees.

No. 01–55477.

D.C. No. CV–00–00698–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2002.*

Decided June 6, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Parviz Lavi appeals the district court's grant of summary judgment in favor of Gal Lipkin and the Pelican Investment Corporation. We reverse. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

The only issue in this appeal is whether the district court correctly concluded that Parviz Lavi lacked standing to contest a foreclosure because he had previously conveyed his interest in certain real property, commonly referred by the parties as the "Loma Vista property" to his son.

It is undisputed that no formal deed to the Loma Vista property was executed or filed. Thus, the question is whether a settlement agreement between Parviz Lavi and Edward Lavi operated in itself to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

transfer title to the Loma Vista property. When construing the meaning of a deed or contract, we consider "the situation of the parties, and the subject matter at the time of contracting ... the whole deed should be taken together, and, if possible, effect should be given to all of its parts." *Brannan v. Mesick*, 10 Cal. 95, 106 (1858).

A careful examination of the record reveals that, although the present tense was used in some parts of the document, the settlement agreement constituted an executory contract to transfer the Loma Vista property, rather than an actual transfer of the property itself. The settlement agreement, as a whole, indicates Lavi intended to convey his interest in the property *after* the agreement was executed. The document is labeled a "Mutual General Release and Settlement Agreement," and is signed by both Parviz Lavi and Edward Lavi. These facts are "clearly indicative of an intention ... that [the document] should be something other than a deed." *Scott v. Woodworth*, 34 Cal.App. 400, 406, 167 P. 543 (Cal.Ct.App.1917); *see also Roberts v. Abbott*, 48 Cal.App. 779, 785, 192 P. 345 (1920) (signature by both parties "is not only unusual in the case of a conveyance *in praesenti*, or a deed, but absolutely unnecessary").

The document also provides that further action is required before the agreement can take effect. The agreement states that Parviz Lavi's transfer of the property to Edward Lavi is "subject to the following limitation:" that Edward Lavi execute a deed of trust and deliver it to Parviz Lavi for recordation. This requirement indicates an agreement to convey subject to the performance of this condition, rather than an immediate conveyance. *See Ellis v. Jeans*, 7 Cal. 409, 414 (1857). Even though Edward Lavi satisfied the requirement, the agreement does not suggest that it "vests the title in the grantee, on the performance of the condition, without any further act on the part of the grantor." *Brannan*, 10 Cal. at 108. Unlike a "conveyance with condition precedent," the 1997 agreement in this case did not provide that the document would act as a conveyance once Edward Lavi executed the deed of trust. *See id.* at 99. Further, the last provision in the agreement states that "each party shall take such action and execute such additional documentation as may be reasonably necessary or appropriate to effectuate the provisions of this Agreement."

Because the settlement agreement taken as a whole evidences Lavi's intent that the document operate as an agreement to transfer the property in the future rather than an immediate conveyance, the district court erred in holding that Parviz Lavi lacks standing to prosecute his claims. Whether he may ultimately prevail on the merits is another question, which we do not consider or reach.

REVERSED AND REMANDED.