**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHALL BLOCK, On Behalf of Himself and All Others Similarly Situated, <br><br> *Plaintiff-Appellant*, <br><br> v. <br><br> EBAY, INC., <br> *Defendant-Appellee*. | No. 12-16527 <br><br> D.C. No. 3:11-cv-06718-CRB <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted
March 12, 2014—San Francisco, California

Filed April 1, 2014

Before: Jerome Farris and Stephen Reinhardt, Circuit
Judges, and Paul C. Huck, Senior District Judge.[*]

Opinion by Judge Farris

---

[*] The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

## SUMMARY[**]

### California Law

The panel affirmed the district court's Fed. R. Civ. P. 12(b)(6) dismissal of Marshall Block's diversity putative class action, alleging that ebay.com's Automatic Bidding system breached two provisions of eBay's User Agreement in violation of California law.

The panel held that Block failed to state a claim for breach of contract because under California law the two challenged provisions in the User Agreement did not constitute enforceable promises by eBay. The panel also held that Block failed to state a claim under California's Unfair Competition Law and failed to state a claim for intentional interference with prospective economic advantage.

## COUNSEL

Roy A. Katriel (argued), The Katriel Law Firm, San Diego, California, for Plaintiff-Appellant.

John Charles Dwyer (argued), Cooley LLP, Palo Alto, California; Michael G. Rhodes and Benjamin F. Chapman, Cooley LLP, San Diego, California, for Defendant-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

FARRIS, Senior Circuit Judge:

Marshall Block argues that ebay.com's Automatic Bidding system breaches two provisions of eBay's User Agreement, violates California's Unfair Competition Law, and constitutes intentional interference with prospective economic advantage.[1] The district court dismissed Block's complaint pursuant to Rule 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

One of the ways in which goods are sold on eBay, possibly the "world's largest online marketplace," is through traditional auctions. Bidding in traditional auctions is conducted through eBay's Automatic Bidding system. In this system, a bidder submits the maximum amount he is willing to pay for an item, and this amount is kept confidential from other bidders and the seller. eBay's software then enters bids on behalf of the bidder, at predetermined increments above the current bid, until the user wins the auction or would need to exceed his maximum.

Block, a seller on eBay, argues that the Automatic Bidding system violates two provisions of the eBay User Agreement, entered into by each eBay user. First, a provision in the "Limitation of Liability" section states: "We are not involved in the actual transaction between buyers and

---

[1] In his complaint, Block also asserted a cause of action for unjust enrichment, but he does not appeal the district court's dismissal of that claim.

sellers."    Second, the contract provides: "No agency, partnership, joint venture, employee-employer or franchiser-franchisee relationship is intended or created by this Agreement."

On behalf of himself and similarly situated sellers, Block filed suit on December 30, 2011.  On May 7, 2012, the district court granted eBay's motion to dismiss Block's complaint.  The court granted Block leave to amend his complaint with regard to his intentional interference and UCL claims, though Block declined to amend.  The district court entered judgment on June 18, 2012, and Block timely appealed.

## II.

### A.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*.  *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013) (quoting *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013)).

### B.

We begin with Block's claim for breach of contract. Under California law, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."  Cal. Civ. Code § 1636; *see also*

*Reilly v. Inquest Tech., Inc.*, 160 Cal. Rptr. 3d 236, 249 (Ct. App. 2013).  It is not the parties' subjective intent that matters, but rather their "objective intent, as evidenced by the words of the contract." *Reilly*, 160 Cal. Rptr. 3d at 249 (quoting *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 956 (2003)).  If a contract is reduced to writing, "the intention of the parties is to be ascertained from the writing alone," Cal. Civ. Code § 1639, the words being interpreted in their "ordinary and popular sense," *id.* § 1644, provided that the language "is clear and explicit, and does not involve an absurdity," *id.* § 1638.  Finally, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."  *Id.* § 1641; *see also Serv. Employees Int'l Union, Local 99 v. Options — A Child Care & Human Servs. Agency*, 133 Cal. Rptr. 3d 73, 79–80 (Ct. App. 2011).

Block argues that the Automatic Bidding system violates two provisions in the User Agreement.  However, as the district court ruled, neither provision constitutes an enforceable promise by eBay.

1.

The first statement — "We are not involved in the actual transaction between buyers and sellers" — contains no promissory language. *See Souza v. Westlands Water Dist.*, 38 Cal. Rptr. 3d 78, 89 (Ct. App. 2006) ("If a contract is to be a basis of liability for the [defendant]'s violation of [a rule] . . . it must be a contract in which the [defendant] promises to abide by [that rule].").  Rather, the statement is simply a general description of how eBay's auction system works. Although Block cites *Lavi v. Pelican Investment Corp.*, 36 F.

App'x 923 (9th Cir. 2002), and *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 358 F. App'x 643 (6th Cir. 2009), in arguing that legal obligations can be created through present-tense statements, these cases are distinguishable. *See Lavi*, 36 F. App'x at 924 (holding, in a context in which it was clear that the pertinent statements conveyed promises, a contract describing the sale of land in the present tense intended the property to be transferred in the future); *Multimatic*, 358 F. App'x at 647–48 (interpreting a confidentiality agreement protecting trade secrets each side "possesses" to cover both pre-existing and future trade secrets).

The provision's explanatory function is not confusing:

> You will not hold eBay responsible for other users' content, actions or inactions, items they list or their destruction of allegedly fake items. You acknowledge that we are not a traditional auctioneer. Instead, our sites are venues to allow anyone to offer, sell, and buy just about anything, at any[]time, from anywhere, in a variety of pricing formats and locations, such as stores, fixed price formats and auction-style formats. We are not involved in the actual transaction between buyers and sellers. While we may help facilitate the resolution of disputes through various programs, we have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of users' content or listings, the ability of sellers to sell items, the ability of buyers to pay for items, or that a buyer or

seller will actually complete a transaction or
return an item.

The provision is a broad description of the eBay marketplace designed to explain to eBay's users why its liability is more limited than that of a "traditional auctioneer." Just as the sentence before the provision could hardly be read as a promise by eBay to "allow anyone to offer, sell, and buy just about anything, at any[]time, from anywhere," the provision is not a promise "not [to be] involved in the actual transaction between buyers and sellers."

This is consistent with provisions elsewhere in the User Agreement. Several provisions are written in an informal, conversational style, indicating that the agreement is not simply a set of legally enforceable promises, but also an introduction to the eBay marketplace for new users. The agreement opens with, "Welcome to eBay," and later states: "Buyers and sellers share the responsibility for making sure purchases facilitated by eBay are exciting, rewarding and hassle-free."

In contrast to the provision in question, other clauses in the agreement contain explicit promissory language. These communicate promises both by the user (e.g., "While using eBay sites, services and tools, you will not . . . violate any laws . . . ."), and by eBay (e.g., "If we resolve a dispute in the buyer's favor, we will refund the buyer for the full cost of the item . . . .").

Block argues that interpreting the "not involved" provision to be unenforceable yields an absurd outcome, as nothing in the contract would prevent eBay from blatantly manipulating auctions. We reject the argument. Even if

auction manipulation by eBay could not be remedied through an action for breach of contract, it might be the proper subject of a suit on other grounds. On Block's reading, any time the eBay platform functioned in a manner that was not purely neutral, whether through deliberate interference or an unintended software defect, eBay would violate the provision. We conclude that the provision can be plausibly read only as a general description of eBay's services intended to focus the user on the Limitation of Liability section.

2.

The second provision — "No agency . . . relationship is intended or created by this Agreement" — purports only to limit the relationships created by the agreement. It contains no promise by eBay not to enter into agency relationships with its users. Contrary to Block's argument, it is irrelevant to interpretation of this provision that, to qualify for an exemption from a Chicago tax, eBay certified to the State of Illinois that it "does not act as an agent of users who sell items on its website, and acts only as a venue for user transactions." *City of Chicago, IL v. eBay, Inc.*, No. 08 C 3281, 2009 WL 5184016, at *3 (N.D. Ill. Dec. 21, 2009). This statement is not part of the User Agreement and is not made in a contractual context.

Neither the "not involved" provision, nor the "no agency" provision, constitutes an enforceable promise by eBay. The district court properly dismissed Block's claim for breach of contract.

C.

The California's Unfair Competition Law authorizes suit by "a person who has suffered injury in fact . . . as a result of . . . unfair competition," Cal. Bus. & Prof. Code § 17204, which includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," *id.* § 17200.

Block argues that eBay committed unlawful conduct through 1) breach of contract and 2) intentional interference with prospective economic advantage. Neither of these alleged violations is adequately pled.

He also alleged that eBay violated California's False Advertising Law and engaged in a fraudulent business act or practice. These theories turn on the same analysis, *see In re Tobacco II Cases*, 207 P.3d 20, 29 & n.8 (Cal. 2009), and each requires only that "members of the public are likely to be 'deceived,'" *id.* at 29 (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)). However, for a private plaintiff to bring suit under the UCL, he must also allege "actual reliance," *id.* at 39: that "the defendant's misrepresentation or nondisclosure was 'an immediate cause' of the plaintiff's injury-producing conduct . . . [such that] in its absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct," *id.* (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1111 (1993) (Kennard, J., concurring in part and dissenting in part)). There is "a presumption, or at least an inference, of reliance . . . wherever there is a showing that a misrepresentation was material." *Id.* (quoting *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 919 (Cal. 1997)). A misrepresentation is material if "a reasonable [person] would attach importance to its existence

or nonexistence in determining his choice of action in the transaction in question." *Id.* (quoting *Engalla*, 938 P.2d at 919). Further, when a UCL claim rests on allegations of fraud, it must satisfy Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Block alleged that the "not involved" and "no agency" provisions fraudulently misrepresent that eBay "is acting as merely a neutral venue that is accurately transmitting bids for bidders to the seller." According to Block, he "reasonably relied on [these] representations and assurances." Block does not allege reliance with greater specificity, but argues that eBay's misrepresentations were material, thus reliance can be presumed.

Block's argument fails: he could not have relied on the alleged misrepresentations, nor would they have been material. As the complaint concedes, the Automatic Bidding system is described on eBay's website. Further, in a version of the pertinent page attached to the complaint, eBay makes clear that the Automatic Bidding system will be used in *all* traditional auctions. Block does not allege that, at the time he executed the User Agreement, these disclosures were unavailable, or that he was unaware of the Automatic Bidding system. Thus, even if the User Agreement had represented that eBay would directly transmit bids to sellers, Block has not plausibly alleged that he relied on this representation. Moreover, since a reasonable person in Block's position could not have relied on such a representation, it would not have been material. Block fails to state a claim under the UCL.

### D.

Finally, we consider Block's claim for intentional interference with prospective economic advantage. To state a claim for intentional interference under California law, a plaintiff must allege, *inter alia*, that "the defendant engaged in an independently wrongful act," understood as an act "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 953–54 (Cal. 2003). Block argues that eBay committed two independently wrongful acts: breach of contract and violation of the UCL. He fails to set forth a claim in either respect. He has not stated a claim for intentional interference.

**AFFIRMED.**