NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCO CARACCIOLI, | No. 16-15610 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-04145-EJD |
| v. | |
| FACEBOOK, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Franco Caraccioli appeals pro se from the district court's judgment

dismissing his diversity action alleging various state law claims arising from

Facebook, Inc.'s refusal to remove private images and videos of Caraccioli posted

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Caraccioli's request for oral
argument, set forth in his opening brief, is denied.

on Facebook's website by a third party.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a district court's dismissal under Federal Rule of Civil

Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Caraccioli's defamation, libel, false

light, public disclosure of private facts, intrusion upon seclusion, intentional and

negligent infliction of emotional distress, negligent supervision and retention, and

California's Unfair Competition Law ("UCL") claims because the basis for each of

these claims is Facebook's role as a "republisher" of material posted by a third

party, and the claims are, therefore, barred by the Communications Decency Act

("CDA").  *See* 47 U.S.C. § 230(c)(1); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096,

1100-01 (9th Cir. 2009) (§ 230(c)(1) of the CDA "protects from liability (1) a

provider or user of an interactive computer service (2) whom a plaintiff seeks to

treat, under a state law cause of action, as a publisher or speaker (3) of information

provided by another information content provider").  Contrary to Caraccioli's

argument, Facebook did not become the "information content provider" under

§ 230(c)(1) merely by virtue of reviewing the contents of the suspect account and

deciding not to remove it.  *See Fair Hous. Council of San Fernando Valley v.*

*Roommates.com, LLC*, 521 F.3d 1157, 1170 (9th Cir. 2008) (en banc) (explaining that "determin[ing] whether or not to prevent [the] posting" of third-party material online is "precisely the kind of activity" covered by the CDA); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) (explaining that through § 230(c)(1), "Congress granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party.")

The district court properly dismissed Caraccioli's breach of contract claim and UCL claim, to the extent it was premised on an alleged breach of contract, because these claims are barred by Facebook's terms of service, which expressly disclaim Facebook's responsibility for the content published by third parties. *See Maybe Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) ("If a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, the words being interpreted in their ordinary and popular sense, provided that the language is clear and explicit, and does not involve an absurdity." (citations omitted)). We reject as without merit Caraccioli's argument that Facebook's terms of service are unconscionable. *See AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011) (explaining that under California law, "[a]

3 16-15610

finding of unconscionability requires a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results" (citation omitted)).

The district court did not abuse its discretion in denying Caraccioli's motion for leave to amend because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15610