Under the facts allege here, the court finds that Facebook's five-business-day response satisfies the DMCA's expeditious requirement. Plaintiff sought the removal of over a hundred allegedly infringing images and also sought the restoration of his administrator status. Exs. 2-3. Facebook promptly responded to plaintiff's initial email and, over the next several days, continued to exchange emails with plaintiff to resolve the issue. A total of five business days after it first received notice of the alleged infringement, Facebook resolved plaintiff's complaint. Based on those allegations, the court finds that the DMCA's safe harbors apply to plaintiff's copyright claims against Facebook because Facebook "satisfied the 'responds expeditiously to remove' requirement." See Ventura, 885 F.3d at 612 ; see also Seide v. Level-(1) Glob. Sols., LLC, No. 16 C 2975, 2016 WL 4206076, at *5 n.5 (N.D. Ill. Aug. 10, 2016) (noting on a motion to dismiss that "five days sounds rather expeditious to the court, and the case law on the issue seems to agree[,]" but finding no cause to reach the issue).
Accordingly, plaintiff's copyright claims are DISMISSED WITH PREJUDICE.[7]
2. Plaintiff's Tort Claims Are Barred by § 230 of the Communications Decency Act
Under § 230(c)(1) of the Communications Decency Act ("CDA"), a party is shielded from liability if the party is: "(1)
*948 a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1100-01 (9th Cir. 2009).
The parties do not dispute that Facebook is an interactive computer service. Nor do the parties dispute that the material was provided by another information content provider. Plaintiff argues only that Facebook is a "developer" of the information for purposes of § 230 because Facebook failed to adequately address plaintiff's infringement-related complaints.
True, "developers" of content are not entitled to immunity under § 230. See Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1166 (9th Cir. 2008). An interactive computer service may be a "developer" where it "does not merely provide a framework that could be utilized for proper or improper purposes; [but] rather ... is directly involved with developing" the unlawful content. Id. at 1172. The FAC is devoid of allegations showing that Facebook was "directly involved" with developing or posting the infringing material.
"To be sure, the website provided neutral tools, which the anonymous dastard used to publish the [infringing material], but the website did absolutely nothing to encourage the posting of [ ] [the] content-indeed, the [ ] posting[s] w[ere] contrary to the website's express policies. That is precisely the kind of activity for which Congress intended to grant absolution with the passage of § 230."
Id. at 1171-72 ; see also Barnes, 570 F.3d at 1102-03 (§ 230 "protects from liability 'any activity that can be boiled down to deciding whether to exclude" third party material).
Accordingly, plaintiff's state law tort claims are DISMISSED WITH PREJUDICE.
3. Plaintiff Has Not Stated A Contract Claim
Plaintiff claims Facebook breached the ToS provision that states Facebook will "take appropriate action, [by] [ ] for example, offering help, removing content, blocking access to certain features, disabling an account, or contacting law enforcement." FAC Ex. 1; see FAC ¶ 176. To counter the fact that the FAC affirmatively alleges that Facebook did help by reinstating plaintiff as the administrator, plaintiff falls back on his argument that Facebook breached the contract by acting too slowly. Because Facebook's ToS "does not state a specific time in which the parties must meet the requirements of the contract, [ ] the parties must meet them within a reasonable time." CACI No. 319 (emphasis added) ("Interpretation-Reasonable Time" for performance of contract); Cal. Civ. Code § 1657 (similar). Plaintiff's own allegations show that Facebook acted within five days, a manifestly reasonable time given the FAC's other allegations.
Plaintiff also contends that Facebook failed to comply with certain obligations created by the ToS, including its promise to "employ dedicated teams ... and develop technical systems to detect misuse of their products, harmful conduct towards others, and situations where [Facebook] may be able to support [its] community." FAC ¶ 176. First, the FAC contains no factual allegations suggesting that Facebook does not comply with that part of the ToS. Indeed, parts of the FAC suggest the opposite. See, e.g., FAC ¶¶ 43-45, 53, 58. Second, while Facebook's ToS "place[s] restrictions on users' behavior," it "do[es] not create affirmative obligations."
*949 Caraccioli v. Facebook, Inc., 167 F.Supp.3d 1056, 1064 (N.D. Cal. 2016), aff'd, 700 F. App'x 588 (9th Cir. 2017). Third, the ToS disclaimed the type of harm plaintiff alleges here. FAC Ex. 1 (service provided "as is," "no guarantees" about "secur[ity]"; "not responsible for [third-party] actions.).
Accordingly, plaintiff's contract claim is DISMISSED WITH PREJUDICE.
4. Plaintiff Has Not Stated A UCL Claim
Plaintiff's UCL claim alleges that the "procedures provided by Facebook ... were inherently faulty and defective and could not accomplish the purposes for which Facebook sold and advertised them to plaintiffs." FAC ¶ 182. Plaintiff's UCL claim fails for at least two reasons. First, the FAC does not include any factual allegations that show how Facebook's procedures were faulty. In fact, read as a whole, the complaint shows the opposite: Facebook's procedures resolved plaintiff's copyright infringement and administrator issues within five days. Second, plaintiff's UCL claim seeks "damages." FAC ¶ 190. But the UCL provides no such relief: "A UCL action is equitable in nature, and damages cannot be recovered. Prevailing plaintiffs are generally limited to injunctive relief and restitution." Alch v. Superior Court, 122 Cal. App. 4th 339, 404, 19 Cal.Rptr.3d 29 (2004) (citation and quotation marks omitted). And plaintiff has not explained why his "damages" are restitutionary in nature.[8]
Accordingly, because it is possible plaintiff may be able to state a viable claim, the UCL claim is DISMISSED WITHOUT PREJUDICE.
CONCLUSION
For the foregoing reasons, the court GRANTS Facebook's motion to dismiss WITH PREJUDICE IN PART and WITHOUT PREJUDICE IN PART. Plaintiff's copyright infringement causes of action against Facebook fail because the DMCA safe harbors provide Facebook with immunity from liability. See FAC ¶¶ 102-126 (causes of action one through three). Section 230 of the CDA provides Facebook with immunity from the two state tort law causes of action asserted against it. See FAC ¶¶ 167-174 (causes of action 11 and 12). Plaintiff has also failed to (and cannot) state a breach of contract claim, see FAC ¶¶ 175-180 (cause of action 13), because Facebook's ToS does not specify the time period within which Facebook was required to act and plaintiff alleges Facebook acted within five business days, a "reasonable time" under Cal. Civ. Code § 1657. Because the court finds that further amendment of those causes of action against Facebook would be futile, they are DISMISSED WITH PREJUDICE. Plaintiff has also failed to allege sufficient facts to state a claim under California's Unfair Competition Law. See FAC ¶¶ 181-184 (cause of action 14). That cause of action is DISMISSED WITHOUT PREJUDICE.
Any amended complaint shall be filed no later than March 22, 2019. No new parties or claims may be added without leave of court. By the same date, plaintiff shall file a statement that indicates how he intends to proceed against the Dorset defendant.
IT IS SO ORDERED.

Plaintiff also fails to state a direct, contributory, or vicarious copyright claim against Facebook because plaintiff only alleges that Facebook failed to remove the content as fast as plaintiff would have liked. See Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) ("[D]irect liability must be premised on conduct that can reasonably be described as the direct cause of the infringement;" vicarious liability requires allegations that" customers were drawn to [defendant's] services because of the infringing ... material at issue"); Amazon.com, 508 F.3d at 1170 ("[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement ...").

Plaintiff also fails to specify which prong of the UCL his claim is based upon. If, as it appears, plaintiff is invoking the fraud prong, then plaintiff must satisfy Rule 9(b).