**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA FLORES, individually and on behalf of all others similarly situated; MARY LEE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware Corporation; UNITED PARCEL SERVICE, INC., an Ohio Corporation; UNITED PARCEL SERVICE GENERAL SERVICES CO., a Delaware Corporation; UNITED PARCEL SERVICE COMPANY, a Delaware Corporation DBA United Parcel Service Co. (Air),<br><br>        Defendants-Appellees. | No.   16-56021<br><br>D.C. No.<br>2:14-cv-01182-GW-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,[**] District Judge.

Plaintiffs Lisa Flores and Mary Lee shipped packages relatively short distances via "Next Day Air," a service offered by defendants United Parcel Service and its affiliates (collectively "UPS"). According to plaintiffs, UPS transported their "Air" packages by truck instead of airplane and imposed an "aviation fuel surcharge" on those shipments instead of a "diesel fuel surcharge." Plaintiffs filed this lawsuit claiming that UPS breached the shipping contracts, breached the implied covenant of good faith and fair dealing, and committed mail and wire fraud for purposes of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* The district court, applying California law to plaintiffs' claims, granted UPS's motion to dismiss, and plaintiffs appeal. Reviewing de novo, *see Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012), we affirm.

1.      The district court correctly dismissed plaintiffs' claims that UPS breached the shipping contracts by transporting their "Air" packages by truck instead of airplane. Assuming that the documents attached to plaintiffs' complaint constitute contracts with UPS, those documents "contain[] no promissory

---

[**]      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

language" that would oblige UPS to use a particular mode of transportation. *Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) (applying California law). Although plaintiffs contend that the word "Air" in UPS's trademarked service names was a contractual promise by UPS to provide airplane transportation, plaintiffs' subjective understanding of this single word, isolated from its context as part of a service name, cannot plausibly be read to "constitute[] an enforceable promise" by UPS, especially in light of other provisions that do "contain explicit promissory language." *Id.* at 1138–39; *see State v. Cont'l Ins. Co.*, 281 P.3d 1000, 1004 (Cal. 2012).

2.     The district court correctly dismissed plaintiffs' claims for breach of the implied covenant of good faith and fair dealing. These claims rest on UPS's decision to transport plaintiffs' "Air" packages by truck and to then charge "Air" prices and an "aviation fuel surcharge." But plaintiffs' purported contract documents do not specify a particular mode of transportation or index for calculating fuel surcharges, and the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). Moreover, UPS specified the price of its services when plaintiffs purchased them, and the implied covenant does not govern the parties' contract formation or

their selection of terms. *See id.*; *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 726 (Cal. 1992).

3.     The district court correctly dismissed plaintiffs' RICO claims, which are predicated on allegations of mail and wire fraud, 18 U.S.C. §§ 1341, 1343, because plaintiffs have failed to adequately allege "a scheme to defraud," *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). A "scheme to defraud" is a "scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises," *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir.), *cert. denied*, 138 S. Ct. 409 (2017) (citation omitted), which can come in the form of "affirmative, material misrepresentation[s]," *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986), or "deceitful statements of half truths or the concealment of material facts," *United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003) (citation omitted).

Plaintiffs assert that UPS affirmatively misrepresented that it would transport their "Next Day Air" packages by airplane. This assertion is premised entirely on UPS's use of the word "Air" in the service name, and it fails for the same reasons as the breach-of-contract claims—the word "Air" was not an affirmative representation that UPS would use a particular mode of transportation.

Plaintiffs also contend that UPS's use of the word "Air" in the service name constituted a misleading "half-truth" because it led them to believe "that they would receive *something* beyond Ground service" without telling them that they would "receive[] *nothing* beyond Ground service." This argument conflates UPS's service levels with modes of transportation; the fact that plaintiffs' "Next Day Air" packages were transported by truck does not mean that plaintiffs received "Ground" service.

Finally, plaintiffs contend that UPS engaged in "concealment" by failing to disclose that their "Next Day Air" packages would be transported by truck. But "[a]bsent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a RICO fraudulent scheme." *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015) (citation and internal alteration omitted). And here, plaintiffs do not allege that UPS had an independent duty to disclose the particular mode of transportation that would be used to transport their packages.

**AFFIRMED.**