NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUKWUEMEKA NDULUE, M.D., | No.    17-16430 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-00735-KJM-EFB |
| v. | |
| FREMONT-RIDEOUT HEALTH GROUP, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 17, 2019**
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,***
District Judge.

In November of 2012, Fremont-Rideout Health Group ("Rideout") suspended

the hospital privileges of Dr. Chukwuemeka Ndulue, a member of its pediatric staff,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

for one week. In March of 2014, Ndulue sued Rideout for retaliation under Section 1278.5 of the California Health and Safety Code, tortious interference with prospective business and economic relationships, breach of a settlement agreement, and unfair business practices. He alleged that Rideout suspended him in retaliation for patient care concerns that he expressed in letters to Rideout's Professional Review Committee. The district court granted summary judgment to Rideout, and Ndulue appeals. We have jurisdiction under 28 U.S.C. § 1331 and affirm in part, reverse in part and remand.

I.

We review de novo a grant of summary judgment. Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 918–19 (9th Cir. 2009). Viewing the evidence in the light most favorable to the non-moving party, we determine whether any genuine issues of material fact exist and whether the district court correctly applied the substantive law. Id. We do not weigh evidence or determine the veracity of a matter; we determine only whether a genuine issue for trial exists. Id.

II.

The district court did not err in granting summary judgment to Rideout on Ndulue's claim that Rideout violated California Health and Safety Code Section 1278.5. It found that although Ndulue had established a prima facie case of retaliation under Section 1278.5, Rideout had adequately proffered a non-retaliatory

reason for suspending him—outrageous language and accusations in his letters that violated its Code of Conduct. In addition, Ndulue admitted that his first letter was intended to attack his colleague's competence, which violated the Code of Conduct. Although Ndulue's protected conduct (i.e. the patient care element of his letters) was intertwined with his Code of Conduct violations (i.e. outrageous language, accusing a colleague of murder and mayhem, intentionally implying that his colleague is incompetent, etc.), no reasonable jury could find that Rideout suspended him even in part because of patient care complaints. The record is clear that the Committee suspended Ndulue for the language and nature of his letters—not for his criticism of patient care standards—and beyond his own speculation, Ndulue presented no evidence of pretext. In addition, Ndulue's argument that Rideout could not suspend him for non-medical grounds lacks merit.

III.

The district court did not err in granting summary judgment to Rideout on Ndulue's claims of negligent and intentional interference with prospective business and economic relationships. To prove tortious interference with prospective business under California law, Ndulue must show that Rideout engaged in an independently wrongful act, i.e. an act which "some constitutional, statutory, regulatory, common law, or other determinable legal standard" proscribes. Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 954 (Cal. 2003). Conduct that

would otherwise constitute a breach of the parties' contract cannot also be the predicate for interference causes of action. See Block v. eBay, Inc., No. C 11-06718 CRB, 2012 WL 1601471, at *5 (N.D. Cal. May 7, 2012), aff'd, 747 F.3d 1135 (9th Cir. 2014). Because Ndulue did not assert a wrongful act other than breach of contract, the district court correctly found that Rideout was entitled to summary judgment on his claims of negligent and intentional interference with prospective business or economic relationships.

IV.

The district court erred in granting summary judgment to Rideout on Ndulue's claim that Rideout breached their settlement agreement by diverting newborn patients away from him. Under the parties' 2011 settlement agreement, Rideout is required to make "reasonable efforts" to obtain the patients' pediatrician preferences in writing, but the settlement agreement does not define what efforts are reasonable.

The district court found that Ndulue had failed to meaningfully rebut Rideout's evidence of compliance and had not identified how Rideout violated the agreement, such that no reasonable jury could conclude that Rideout breached the settlement agreement.

As evidence of breach, Ndulue relied on the declarations of Lillian Leos, his office worker, and four mothers who claimed that Rideout had assigned them to other pediatricians even though they had requested Ndulue. In addition, he relied on

the declaration of Dr. Leonard Marks, Rideout's former Chairman of Pediatrics, who stated that he discovered that Rideout was not complying with the settlement agreement and that he had complained multiple times to the supervisor, perinatal coordinator and charge nurse.

As evidence of compliance, Rideout offered the deposition testimony of Krista Minton, a labor and delivery nurse. She stated that Rideout provides a list to mothers from which they select their children's pediatrician, and that nurses do not give recommendations or attempt to persuade mothers to choose a particular pediatrician.

Rideout's evidence about general procedures and practices under the settlement agreement is in direct conflict with Ndulue's specific evidence of non-compliance. A reasonable jury could infer from Ndlulue's evidence that Rideout did not make reasonable efforts to "obtain from . . . patients their preferred pediatrician."

Ndulue's evidence creates a genuine issue of material fact whether Rideout failed to make reasonable efforts to comply with the settlement agreement, and questions of reasonableness are best left to a jury. Here, the evidence was not so one-sided as to compel a finding that as a matter of law, Rideout had complied with the settlement agreement.

17-16430

## V.

The district court did not err in granting summary judgment to Rideout on Ndulue's claim that Rideout violated California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, which prohibits any unlawful, unfair or fraudulent business act. Ndulue asserts that the "same evidence that supports Dr. Ndulue's retaliation claim, breach of contract claim, and business interference claims – the 'unlawful acts'" supports his UCL claim. As discussed above, Ndulue's evidence does not create genuine issues of material fact as to retaliation and tortious interference. As to Ndulue's UCL claim, the question thus becomes whether he can proceed under an "unlawful act" theory based solely on breach of the settlement agreement. Because a breach of contract cannot satisfy the "unlawful" prong of California's UCL, Rideout is entitled to summary judgment on this claim. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010).

## VI.

We affirm the district court's grant of summary judgment to Rideout on Ndulue's claims of retaliation under California Health and Safety Code Section 1278.5; tortious interference with prospective business and economic relationships; and violations of California's unfair competition law. We reverse the district court's grant of summary judgment for Rideout on Ndulue's claim of breach of the settlement agreement, and remand for further proceedings.

17-16430

**AFFIRMED in part; REVERSED in part; REMANDED.**