**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC, a Texas corporation, | No.  18-55025 <br> 18-55254 |
| Plaintiff-Appellant, | D.C. No. <br> 3:16-cv-01851-DMS-WVG |
| v. | |
| FIRST IMPERIAL CREDIT UNION, a California corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 16, 2019
Pasadena, California

Before:  LIPEZ,[**] WARDLAW, and HURWITZ, Circuit Judges.

In this diversity case, John M. Floyd & Associates, Inc. ("JMFA") appeals the

summary judgment in favor of First Imperial Credit Union ("FICU") on a breach-

of-contract claim.  JMFA asserts that material factual disputes exist concerning

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

FICU's obligations under the parties' 2008 agreement for the creation and implementation of an overdraft protection program. JMFA claims that it is owed contingent fees based on income FICU earned from a program implemented in 2012 through a different vendor.

We review the grant of summary judgment de novo. *See Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We conclude, like the district court, that the contract is not reasonably susceptible to the interpretation advanced by JMFA, and we therefore affirm.

The critical provision in the JMFA-FICU agreement states:

> If a recommendation is not installed it will not be included in the fee calculation. However, if *any recommendation*, within 24 months of the end of the tracking period, is installed or installed as modified, or initially declined and later installed as recommended *or as subsequently modified or installed using another party*, it will be included in the fee calculation for a period equal to the contract term.

(Emphasis added.) JMFA argues that a reasonable factfinder could conclude that it is entitled to fees based on income generated for FICU by another vendor's overdraft program because that program's recommendations are "functionally equivalent" to proposals previously made by JMFA.

But the contractual language, particularly when read in context, plainly makes FICU's obligation to JMFA contingent on the credit union's implementation of *JMFA's* recommendations. The quoted passage is the third paragraph in a section

2                                                                          18-55025

of the agreement labeled "Quantification of Earnings." The section begins by stating that the increased income that will determine JMFA's compensation will be "based on reasonable changes that can be [e]ffected on existing income or expenses realized *as a result of our [JMFA's] recommendations*." (Emphasis added.) The mention of "any recommendation" later in the same section of the agreement can only be reasonably understood to refer to "any" of "our" recommendations — i.e., programmatic features recommended by JMFA. *See Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) (noting that, under California law, the words of a written agreement should be "interpreted in their 'ordinary and popular sense,'" with "'[t]he whole of a contract . . . to be taken together'" (quoting Cal. Civ. Code §§ 1644, 1641) (alteration in original)).

The quoted provision does not apply if FICU adopts another consultant's recommendation, even if substantially similar to JMFA's. And JMFA offers no evidence that SmartStep modified, rather than replaced, the JMFA program.[1]

---

[1] JMFA cites an email exchange between SmartStep and FICU on September 6 and November 27, 2012, to argue that a factual dispute remains concerning whether the 2012 implementation incorporated JMFA's own work product. The one email referencing JMFA (sent by SmartStep) states: "The file layout that you sent over looks good. Can you go ahead and create a data file in the JMFA format and send that to our secure site as well? Please let me know." The other emails respond to that inquiry. JMFA does not develop its contention that these emails reveal a material factual dispute. It also fails to respond to FICU's explanation, supported by citations to the record, that the emails refer to material that FICU created and provided to JMFA.

Indeed, JMFA acknowledged to the district court that it could not show that "the credit union actually used our program per se."

Given the language of the contract, no reasonable factfinder could conclude that FICU agreed to pay fees to JMFA if it never implemented JMFA's recommendations and instead, several years down the road, launched a similar program newly developed by a different consultant. *See* Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."). The parties' agreement was contingent in nature, and no fees based on increased income were owed by FICU until *JMFA's program* had been in operation for ninety days.[2] That never happened.

JMFA also argues that the award by the district court of attorney's fees and costs to FICU as the prevailing party should be vacated along with the summary judgment. However, JMFA does not argue that the awards are improper if summary judgment was properly granted in favor of FICU. Hence, we also affirm the award of fees and costs to FICU.

**AFFIRMED.**

---

[2] The agreement states: "After the recommendations have been installed and monitored for ninety (90) days, we will quantify the increased income and [FICU] agrees to pay monthly the [specified] fees[.]" FICU otherwise owed JMFA only a $1,000 retainer that would have been refundable "against JMFA's monthly fee billings," as well as reimbursement for "out-of-pocket expenses."

18-55025